97 F.3d 1445
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Juan M. COFIELD, Appellant,
v.
John O. DESMOND, Trustee and Federal Deposit Insurance
Corporation, Appellees.
 No. 96-1339.
 United States Court of Appeals, First Circuit.
 Sept. 27, 1996.
 
 Juan M. Cofield on brief pro se.
 John O. Desmond on brief pro se.
 Kathryn R. Norcross, Ann S. Duross and Thomas L. Hindes on brief for appellee Federal Deposit Insurance Corporation.
 Before SELYA, CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Juan M. Cofield appeals from the district court's affirmance of a bankruptcy court order which permitted appellant to convert his chapter 7 bankruptcy case to a case under chapter 11, but then immediately reconverted the case back to chapter 7. After carefully reviewing the briefs and the record, we affirm the district court's judgment for essentially the reasons stated in its Memorandum and Order, dated January 26, 1996. We add only the following comments.
 
 
 2
 1. A notice of conversion, filed pursuant to 11 U.S.C. § 706(a), is not effective on filing. Bankruptcy Rule 1017(d) provides that conversion under § 706(a) "shall be on motion filed and served as required by Rule 9013." Rule 9013, in turn, states that "[a] request for an order ... shall be by written motion." Thus, "[t]hese provisions indicate that a motion to convert pursuant to § 706(a) is not effective in and of itself, but rather is a request for a court order of conversion." In re Calder, 973 F.2d 862, 867 (10th Cir.1992). As a result, the bankruptcy court was correct in treating appellant's "notice" as a motion and the conversion was not effective on January 13, 1995, when it was filed.
 
 
 3
 2. Even assuming that "cause" for reconversion to chapter 7 must exist at the time a § 706(a) motion is filed, such "cause" existed here. The bankruptcy court's cause determination rested primarily on the futility of reorganization. The court based the futility finding on the speculative nature of the Fannie Mae lawsuit. Although the court entered these findings three months after appellant filed his § 706(a) notice, it plainly was determining that futility had existed as long as the Fannie Mae action had been pending. That is, if funding for reorganization was dependent on the success of the lawsuit and the lawsuit had little chance of succeeding, the reorganization was futile when appellant filed the conversion notice.
 
 
 4
 3. Appellant's procedural due process arguments also fail. He first maintains that the bankruptcy court made a determination prior to holding the hearings that it would deny conversion. There is simply no support in the record for this description of what happened. Second, appellant asserts that although the bankruptcy court noticed the two hearings as non-evidentiary, it took evidence at them. A reading of the transcripts from these hearings shows otherwise. The court only ordered appellant to produce certain documents at a future time.
 
 
 5
 4. Appellant's arguments that the bankruptcy court's actions constituted a "taking" in violation of the Constitution and that the bankruptcy court violated the substantive due process clause were not raised below. As such, they are waived. See McCoy v. Massachusetts Inst. of Technology, 950 F.2d 13, 22 (1st Cir.1991), cert. denied, 504 U.S. 910 (1992).
 
 
 6
 Affirmed.